37 F.3d 1504
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Manuel Antonio ESPINOZA-BETETA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70770.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 3, 1994.*
Decided Oct. 5, 1994.
 
 Before: GOODWIN, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We reject Espinoza-Beteta's argument that the BIA abused its discretion in its use of administrative notice. The purpose of a warning of intention to take administrative notice would have been to give the parties an opportunity to brief the matter or move for other relief:
 
 
 3
 The agency should have warned that it would consider these facts even though they were not in existence at the time of the hearing and appellate briefs, so that the parties could have moved for leave to supplement their briefs, supplement the evidence, withdraw their application for asylum, or seek other relief. The agency should also have warned, prior to final decision, that it intended to take notice that the Sandinistas were out of power, and that any well-founded fear of persecution the applicants might have had before the election could no longer be well-founded, and then given the parties an opportunity to show cause why notice should not be taken of these propositions. Depending on the showing made, fairness might or might not have required that the parties be allowed to present evidence on these propositions.
 
 
 4
 Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992). In this case, petitioner already knew, without a warning, that the BIA would consider the change in government. He made that clear to the BIA by his argument about the effect of the change in Nicaragua's government on page 9 of his brief to the BIA, and his submission of additional evidence, the State Department 1990 country report. Cf. Getachew v. INS, 25 F.3d 841 (1994). The BIA gave particularized, sensible reasons for its exercise of discretion:
 
 
 5
 [T]he respondent, represented by counsel, submitted an appellate brief, stating that despite Violeta Chamorro's election to the presidency in 1990, he continues to have a well-founded fear of persecution if returned to Nicaragua.... Unlike the circumstances in Castillo-Villagra v. INS, supra, the Board has not taken notice of the election in Nicaragua without warning, and the respondent, either in his initial brief or by way of a supplemental brief or evidence, has not been precluded from presenting evidence to rebut the noticed facts and from disputing whether notice should be taken.
 
 
 6
 We review only for abuse of discretion, Castillo-Villagra, 972 F.2d at 1028, and find none.
 
 
 7
 The BIA determination on well founded-fear was supported by substantial evidence. Petitioner's case was largely that his father had been tortured and murdered by the Sandinistas right after the revolution in 1979, his family had traditionally been associated with Somoza, and he had participated in activities of the Popular Christian Social Party. The BIA noted that petitioner had lived in Nicaragua for ten years after the murder of his father without suffering persecution by the Sandinistas, he was released after detention following his participation in a human rights demonstration, and his mother remained in Nicaragua without suffering harassment. See Castillo v. INS, 951 F.2d 1117, 1122 (9th Cir.1991); Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990). We cannot say that "the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993).
 
 
 8
 A fortiori, petitioner does not meet the standard for mandatory withholding of deportation. 8 U.S.C. Sec. 1253(h)(1); Acewicz, 984 F.2d at 1062.
 
 
 9
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3